UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHELLE FELIX,<br><br>   *Plaintiff*,<br><br>v.<br><br>MARY KAY, INC. and THE MARY KAY FOUNDATION,<br><br>   *Defendant*. | §<br>§<br>§<br>§<br>§  Civil Action No. 3:20-CV-00683-X<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Michelle Felix sued Mary Kay, Inc. (Mary Kay) and The Mary Kay Foundation (the Foundation) for retaliation and interference under the Family and Medical Leave Act (FMLA) and for unpaid overtime under the Fair Labor Standards Act (FLSA). Before the Court are Mary Kay's motion for summary judgment (Doc. No. 29) and the Foundation's motion for summary judgment (Doc. No. 26). For the below reasons, the Court **DENIES** the motions for summary judgment.

### I.   Factual Background

Felix worked in multiple jobs for Mary Kay before her termination in 2019. The night before the Mary Kay Seminar in 2019, she fractured her left foot. She sought medical attention and wore a boot to work at the Seminar. After the Seminar, Felix obtained FMLA leave for several weeks. She claims she returned to a vastly different work environment and duties that were impossible to timely fulfill. Felix claims she was injured while walking around Mary Kay headquarters as part of these new duties. She then took a sick day to visit her physician about hip pain, and when

she returned to work, Mary Kay terminated her employment. Mary Kay claims it terminated Felix because of "unsatisfactory performance, failure to meet deadlines[,] and behavioral challenges."[1]

Felix filed this lawsuit, which has claims under the FMLA for retaliation (firing her for taking FMLA leave) and interference (having diminished duties on her return to her job) as well as under the FLSA. Mary Kay and the Foundation moved for summary judgment.

## II.     Legal Standard

### A.     *Summary Judgment*

Courts may grant summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A material fact is one "that might affect the outcome of the suit under the governing law."[3] And "[a] dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

The party moving for summary judgment bears the initial burden of identifying the evidence "which it believes demonstrate[s] the absence of a genuine [dispute] of material fact," but need not necessarily support its motion "with materials *negating* the opponent's claim."[5] The nonmoving party must "go beyond

---

[1] Doc. 30 at 17.

[2] FED. R. CIV. P. 56(a).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (cleaned up).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 318, 323 (1986); *see also* FED. R. CIV. P. 56(c)(1).

the pleadings and establish 'specific facts showing that there is a genuine [dispute] for trial.'"[6] "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may" either deny summary judgment or delay ruling on the motion.[7] Of course, employment discrimination claims have their own particular summary judgment frameworks, which the Court addresses claim-by-claim below.

## B. Family Medical Leave Act

FMLA retaliation claims are also governed by the *McDonnell Douglas* burden-shifting framework.[8] Because Felix alleges (in the alternative) that discrimination was at least *a* motivating factor in firing her,[9] the Court applies the Fifth Circuit's mixed-motive test.[10] To succeed, Felix must first demonstrate a *prima facie* case exists by showing that: "(1) [she] engaged in a protected activity, (2) the employer discharged [her], and (3) there is a causal link between the protected activity and the discharge."[11] If Felix carries her *prima facie* burden, the burden of proof shifts back to the defendants to provide a legitimate, non-discriminatory reason for firing Felix.[12]

---

[6] *McWhirter v. AAA Life Ins. Co.*, 622 F. App'x 364, 365 (5th Cir. 2015) (alteration in original) (quoting *Celotex*, 477 U.S. at 324).

[7] *See* FED. R. CIV. P. 56(d).

[8] *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 835 (5th Cir. 2020).

[9] Doc. No. 13 at 10.

[10] *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005) ("The mixed-motive framework applies to cases in which the employee . . . argues that discrimination was *a* motivating factor in her termination."); *see also Smith v. Xerox Corp.*, 602 F.3d 320, 333 (5th Cir. 2010) (explaining that an employee need not concede that an employer's proffered reason is legitimate to proceed under the mixed-motive framework), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362–63 (2013).

[11] *Richardson*, 434 F.3d at 332.

[12] *Id.* at 333.

If the defendants' reason does that, the burden shifts back to Felix, who "must offer sufficient evidence to create a genuine [dispute] of fact either that (a) [the defendants'] proffered reason is a pretext for discrimination, or . . . (b) that [the defendants'] reason, although true, is but one of the reasons for its conduct, another of which was discrimination."[13] Finally, the burden shifts back to the defendants to prove that they would have fired Felix regardless of discriminatory animus.[14]

And to prove a prima facie case of interference, Felix must show that "(1) [she] was an eligible employee; (2) [her] employer was subject to FMLA requirements; (3) [she] was entitled to leave; (4) [she] gave proper notice of [her] intention to take FMLA leave; and (5) [her] employer denied [her] the benefits to which [she] was entitled under the FMLA."[15]

### C. Fair Labor Standards Act

Under the FLSA "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."[16]

An employee suing for unpaid overtime must demonstrate: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA;

---

[13] *Id.*

[14] *Id.*

[15] *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 526 (5th Cir. 2021).

[16] 29 U.S.C. § 207(a)(1).

(3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due."[17] Once the employee establishes a prima facie case, the burden shifts and the employer must "come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence."[18]

### III.     Analysis

Fact disputes prevent the Court from granting summary judgment to the defendants on Felix's claims. For example, on the FMLA retaliation claim, Felix has made her prima facia case (thanks in large part to the 10-day proximity from her return from FMLA leave to her firing). And while Mary Kay brought forth nondiscriminatory reasons for her termination, Felix has marshalled some evidence to rebut each reason (or alternatively raised evidence that retaliation was a motivating factor in the firing).[19]

Likewise, Felix made her prima facia case on her FMLA interference claim. Felix showed some evidence of diminished duties on her return to work and some evidence to rebut Mary Kay's nondiscriminatory reasons (and alternatively, Felix raised evidence that her taking of FMLA leave was a motivating factor in her

---

[17] *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

[18] *Id.*

[19] Mary Kay argues that Felix cannot show "by a preponderance of the evidence that Mary Kay's reason is a pretext for discrimination or retaliation," and cites *Chaffin v. John H. Carter Co.*, 179 F.3d 316, 320 (5th Cir. 1999) as support. But a quick check of *Chaffin's* citing references shows that the Supreme Court rejected that standard. *See McArdle v. Dell Prod., L.P.*, 293 F. App'x 331, 339 (5th Cir. 2008) ("*Reeves* rejected that standard."). The Court hopes counsel will check its cases in the future to ensure it does not lead the Court astray from the current requirements of the law.

diminished job duties by virtue of the timing of the new duties and their requirement of walking more than her prior duties imposed).

As to the FLSA, Mary Kay primarily argues that Felix was exempt. The Court concludes there is some evidence that Felix was not exempt from the FLSA because she did not exercise discretion and independent judgment on matters of significance in her Corporate Social Responsibility Specialist role, her coordination of events, or her work for the Foundation.[20]

Next, Mary Kay argues it should prevail on its good-faith defense to Felix's claims. But this defense is a quintessential jury question. The Court will allow Mary Kay to raise the defense at trial to Felix's claim for liquidated damages under the FMLA and FLSA.

Lastly, the Foundation argues it was not Felix's employer and lacks the number of employees to be covered under the FMLA and FLSA. The Foundation could only go to trial if there is some evidence it is a joint employer[21] with Mary Kay (because it undisputedly has less than 50 employees to make it an outright employer under the FMLA and FLSA). Felix has put forth evidence that: (1) Kelly Medley is a

---

[20] 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.200. An exempt employee must: (1) be compensated at more than $684 per week; (2) perform a "primary duty" of non-manual work or office work; (3) "directly related to the management or general business operations of the employer or the employer's customers;" and (4) "whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). The parties do not brief whether an employee being exempted from the FLSA is a question of law, so the Court by default will apply the ordinary analysis of a mixed question of fact and law to apply the facts of Felix's employment to the legal definition of an exempt employee.

[21] The four factors for whether an employer is a joint-employer are: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control. 29 C.F.R. § 825.104(c).

director over Mark Kay and the Foundation; (2) the Table of Organization lists Mary Kay and the Foundation; (3) the two defendants share physical space and employee labor from Madeline Littrell, Sayeda Mahler, Nancy Thomason, and Julia Santosuosso; (4) the Foundation uses volunteer labor from other Mary Kay employees; (5) the Foundation has no independent labor relations function from Mary Kay; (6) the Boards of Directors share members; and (7) Mary Kay is the largest donor to the Foundation.[22] The Court is satisfied that this evidence raises a fact dispute on whether the Foundation was a joint employer of Felix with Mary Kay.

Both defendants objected to certain portions of Felix's summary judgment evidence. In making this ruling, the Court, in relying on the above evidence, is either not relying on disputed evidence or overruling the objections to such evidence.[23]

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Mary Kay and the Foundation's motions for summary judgment.

**IT IS SO ORDERED** this 19th day of September, 2022.

_____
Brantley Starr
UNITED STATES DISTRICT JUDGE

---

[22] The FLSA has an economic realities test, but Felix still has some evidence to pass this test, such as shared headquarter space and power in Ms. Medley as director of both defendants to hire, fire, and discipline Felix.

[23] Take, for example, the frequent objections to hearsay. Here is the problem: all affidavits and depositions are hearsay. They are all out of court statements because the parties have not yet been in court at the summary judgment stage. The question at this stage is whether that evidence is capable of being in an admissible form. The defendants never show in their hearsay objections how this evidence could not come in at trial in an admissible form.