IN THE US DISTRCT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE FELIX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-00683-X |
| | § | |
| MARY KAY INC. and THE MARY | § | |
| KAY FOUNDATION | § | |
| | § | |
| Defendants. | § | |

## JOINT PRETRIAL ORDER

Pursuant to the Court's January 9, 2023 Amended Scheduling Order, and subsequent Orders on February 14, 2023 and March 2, 2023, the Parties file this Joint Pretrial Order.

## I.
## LOCAL RULE 16.4 REQUIREMENTS

**(a)** **Summary of Claims and Defenses**

**Plaintiffs' Claims**

Plaintiff claims involve allegations of retaliation and/or interference in violation of the Family Medical Leave Act ("FMLA") by Defendants. Defendant Mary Kay, Inc. violated the FMLA through retaliation against Plaintiff by terminating her employment within twenty-five (25) business days of requesting FMLA, and within ten (10) business days of her return from FMLA Leave. Plaintiff claims she was terminated either for taking leave pursuant to the FMLA (the "FMLA Leave") and/or for reporting the retaliation she experienced upon her return from the FMLA Leave. Additionally, Defendant Mary Kay, Inc. interfered with Plaintiff's right to return to

an equivalent position after the FMLA Leave by significantly diminishing her duties and forcing her to learn vastly different duties subject to unreasonable deadlines. In short, she was set up to fail to justify her termination.

Plaintiff also claims Defendants misclassified Plaintiff's position as an employee exempt from overtime pursuant to the Fair Labor Standards Act ("FLSA"), because she was not performing "exempt" duties for Mary Kay or its customers.

Plaintiff further claims that Defendant The Mary Kay Foundation is an "employer" for purposes of the FMLA and/or the FLSA.

### Defendant Mary Kay Inc.'s ("Mary Kay") Defenses

Mary Kay contends that it terminated Plaintiff's employment for legitimate nondiscriminatory and nonretaliatory reasons. Plaintiff had behavioral challenges that affected her job performance during her employment. During the time she reported to Ms. Littrell, she was dilatory in performing assigned tasks, frequently missed deadlines and exhibited poor behavior. Her termination was the result of unsatisfactory performance, failure to meet deadlines and behavioral challenges. Mary Kay complied with the FMLA and returned Plaintiff to the same or an equivalent position upon her return from her FMLA leave.

Mary Kay contends that it paid Plaintiff correctly during her employment. Mary Kay contends that it correctly classified Plaintiff as an exempt employee pursuant to the administrative employee exception to the overtime rules.

### Defendant The Mary Kay Foundation's ("The Foundation") Defenses

The Foundation contends that it did not employ Plaintiff or take any action against her. It has no employees and did not exert any control over the manner or means or her employment.

**(b)     Statement of Stipulated Facts**

1. Plaintiff was employed by Mary Kay in the position of CSR Specialist from 2013 until February 2019.

2. Plaintiff worked in the position of Specialist, Corporate Social Responsibility from February 2019 until her termination on September 3, 2019.

3. Plaintiff reported to Madeline Littrell in her Specialist, Corporate Social Responsibility position.

4. Plaintiff injured her foot the night before seminar in 2019.

5. Plaintiff took personal leave to be with her daughter on July 23 and July 24, 2019.

6. Plaintiff was on FMLA leave from July 30 to August 18, 2019.

7. Plaintiff returned to work on August 19, 2019.

8. On September 3, 2019, Madeline Littrell terminated Plaintiff's employment. Lauren Ewing was present at the termination meeting.

9. Plaintiff was paid on a salary basis by Mary Kay.

**(c)     Contested Issues of Fact**

1. Whether The Foundation employed Plaintiff.

2. Whether The Foundation made the adverse decision to terminate Plaintiff's employment.

3. Whether The Foundation had any role in the decision to terminate Plaintiff's employment.

4. Whether Plaintiff is entitled to relief for her claims of discrimination under the FMLA against The Foundation.

5. Whether Mary Kay has legitimate non-discriminatory or non-retaliatory reasons for terminating Plaintiff's employment.

6. Whether Plaintiff is entitled to relief for her claims of discrimination under the FMLA against Mary Kay.

7. What amount of money would Plaintiff have earned working for Mary Kay had it not unlawfully discriminated against her under the FMLA?

8. What amount of money Plaintiff earned after the termination of her employment at Mary Kay.

9. Whether Mary Kay made a good-faith effort to prevent discrimination under the FMLA in its workplace.

10. Whether Plaintiff's employment took place on the premises of The Foundation.

11. Whether The Foundation exerted control over Plaintiff.

12. Whether The Foundation had the power to hire and fire the Plaintiff.

13. Whether The Foundation supervised and controlled Plaintiff's work schedule or conditions of employment.

14. Whether The Foundation determined the rate and method of payment to Plaintiff.

15. Whether The Foundation maintained Plaintiff's employment records.

16. Whether Mary Kay paid Plaintiff correctly under the FLSA.

17. Whether Plaintiff's primary job duties in her CSR Specialist position directly related to the management or general business operations of Mary Kay or its customers.

18. Whether Plaintiff's primary job duties in her Specialist, Corporate Social Responsibility position directly related to the management or general business operations of Mary Kay or its customers.

19. Whether Plaintiff's work in her CSR Specialist position directly related to assisting with the running of the company.

20. Whether Plaintiff's work in her Specialist, Corporate Social Responsibility position directly related to assisting with the running of the company.

21. Whether Plaintiff's primary duty in her CSR position included the exercise of discretion and independent judgment with respect to matters of significance.

4883-9160-2001 v.1 6330.0002

22. Whether Plaintiff's primary duty in her Specialist, Corporate Social Responsibility position included the exercise of discretion and independent judgment with respect to matters of significance.

23. Whether Plaintiff is entitled to relief for her pay claims under the FLSA against The Foundation.

24. Whether Plaintiff is entitled to relief for her pay claims under the FLSA against Mary Kay.

25. The amount of any award of attorneys' fees (to be decided by the Court).

26. If there is any issue of fact that is more properly considered an issue of law, the parties as the Court to consider it an issue of law.

**(d)  Contested Issues of Law**

1. Whether The Foundation is an "employer" subject to the provisions of the FMLA.

2. Whether The Foundation is an "integrated employer" subject to the provisions of the FMLA.

3. Whether The Foundation is a "joint employer" subject to the provisions of the FMLA.

4. Whether The Foundation is a primary "employer" subject to the provisions of the FMLA.

5. Whether The Foundation interfered with, restrained, and/or denied Plaintiff from her right to return from her medical leave to her position with equivalent terms and conditions of employment.

6. Whether Mary Kay interfered with, restrained, and/or denied Plaintiff from her right to return from her medical leave to her position with equivalent terms and conditions of employment.

7. Whether The Foundation terminated Plaintiff's employment because she took FMLA leave.

8. Whether Mary Kay terminated Plaintiff's employment because she took FMLA leave.

9. Whether Plaintiff taking FMLA leave was a motivating or determining factor in her termination.

10. Whether Plaintiff would have been terminated regardless of her request for leave.

11. Whether Mary Kay acted in good faith and had reasonable grounds for believing that its actions complied with the FMLA.

12. Whether Plaintiff is entitled to liquidated damages in the amount of her back pay claim under the FMLA.

13. Whether Plaintiffs or Mary Kay may recover an award of attorney's fees and costs under the FMLA to be determined by the Court post trial, as is permissible to a "prevailing party."

14. Whether The Foundation violated the FLSA.

15. Whether Plaintiff was employed by The Foundation for any period.

16. Whether Plaintiff was exempt from the FLSA's overtime provisions.

17. Whether Mary Kay violated the FLSA's overtime wage requirements by wrongfully classifying Plaintiff as an exempt employee.

18. Whether Mary Kay's action classifying Plaintiff as an exempt employee was in good faith and that it had reasonable grounds for believing that its act or omission was not a violation of the FLSA.

19. Whether Plaintiff is entitled to liquidated damages in the amount of her unpaid overtime compensation.

20. Whether Plaintiffs or Mary Kay may recover an award of attorneys' fees and costs under the FLSA to be determined by the Court post trial, as is permissible to a "prevailing party."

21. Rulings on the parties' respective motions in limine and requested jury issues and instructions.

22. If there is any issue of law that is more properly considered an issue of fact, the parties ask the Court to consider it an issue of fact.

Joint Pretrial Order					Page 6

4883-9160-2001 v.1 6330.0002

**(e)     Estimate of Trial Length**

The parties estimate the case will take four to five (4-5) days to try.

**(f)     Additional Matters**

None.

## II.
## JANUARY 9, 2023 ORDER ADDITIONAL REQUIREMENTS

**(a)     A list of witnesses who may be called by each party in its case in chief. Each such witness list shall contain a narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "probable," "possible," "expert," or "record custodian." A copy of this list must be furnished to the court reporter prior to trial.**

The parties direct the Court to their respective Witness Lists, which are being filed contemporaneously with this Joint Pretrial Order.

**(b)     A joint proposed jury charge. The parties must submit the proposed charge to the Court in Word format. The parties must annotate the joint proposed charge, explaining any objections and including citations to pattern jury instructions or caselaw.**

The parties direct the Court to the Proposed Joint Jury Charge and Verdict Form, which is being filed contemporaneously with this Joint Pretrial Order.

**(c)     Proposed interrogatories.**

The parties direct the Court to the Proposed Joint Jury Charge and Verdict Form, which is being filed contemporaneously with this Joint Pretrial Order.

**(d)     The status of settlement negotiations as of the date of the Pretrial Order.**

The parties are continuing settlement dicussions at this time.  On or about February 15, 2023, Plaintiff made an updated settlement offer to Defendants, to which she is awaiting a response.  The parties previously mediated this matter with Ross Stoddard on or about February 3, 2022.

**(e) Each party's proposed voir dire questions if the matter is a jury trial.**

The parties direct the Court to their respective Proposed Voir Dire Questions, which are being filed contemporaneously with this Joint Pretrial Order.

**(f) Trial briefs may be filed with the Pretrial Order but are not required unless specifically requested by the Court.**

None, at this time. The parties will file appropriate trial briefs, as necessary, or as further ordered by this Court.

Respectfully submitted,

THE MICHAEL KIM LAW FIRM, PLLC

By: /s/ Ericha R. Brown
 MICHAEL Y. KIM
 Texas State Bar No. 24039960
 ERICHA R. BROWN
 Texas State Bar No. 24051952

4236 W. Lovers Lane
Dallas, Texas 75209
Telephone: (214) 357-7533
Facsimile: (214) 357-7531
Email: mkim@mkimlegal.com
 erbrown@mkimlegal.com

**ATTORNEYS FOR PLAINTIFF
MICHELLE FELIX**

       AND

       C<small>OBB</small> M<small>ARTINEZ</small> W<small>OODWARD</small> PLLC


       By: /s/ Simon D. Whiting
          S<small>IMON</small> D. W<small>HITING</small>
          Texas State Bar No. 21373600
          1700 Pacific Avenue, Suite 3100
          Dallas, Texas 75201
          (214) 220-5240 direct
          (214) 220-5299 fax
          swhiting@cobbmartinez.com

       A<small>ND</small>

       J<small>ILL</small> H<small>ERZ</small>, A<small>TTORNEY AT</small> L<small>AW</small>, P.C.


       By: /s/ Jill Herz
          J<small>ILL</small> H<small>ERZ</small>
          Texas State Bar No. 00785930

          12240 Inwood Rd Ste 400
          Dallas, TX 75244-8015
          Telephone: (214) 745-4567
          Facsimile: (214) 745-1156
          Email: service@jillherz.com

          **A<small>TTORNEYS FOR</small> D<small>EFENDANTS</small>**
          **M<small>ARY</small> K<small>AY</small> I<small>NC.</small> <small>AND</small>**
          **T<small>HE</small> M<small>ARY</small> K<small>AY</small> F<small>OUNDATION</small>**


  This Joint Pretrial Oder is hereby approved this ___ day of _____, 2023.


              _____
              H<small>ON</small>. B<small>RANTLEY</small> S<small>TARR</small>
              U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>