UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE FELIX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-00683-X |
| | § | |
| MARY KAY, INC. and THE MARY | § | |
| KAY FOUNDATION, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **JOINT PROPOSED JURY CHARGE AND VERDICT FORM**

TO THE HONORABLE JUDGE STARR:

Pursuant to this Court's Order, *see* ECF Doc. 57, Michelle Felix, Plaintiff in the above-styled and numbered cause ("Plaintiff"), together with Mary Kay Inc. and The Mary Kay Foundation, Defendants in the above-styled and numbered cause (collectively, "Defendants") (Plaintiff and Defendant are collectively referred to herein as the "Parties"), and file this, their Joint Proposed Jury Charge and Verdict Form.

For ease and reference, where the Parties could not reach an agreement on the form and content of this Joint Proposed Jury Charge and Verdict Form, Plaintiff's proposed language is annotated in **BOLD** font, whereas Defendants' proposed language is annotated in <u>UNDERLINED</u> font.  The Parties have cited their respective authorities in support of the proposed language submitted.

By submitting this Proposed Jury Charge and Verdict Form, the Parties do not waive the right to later modify or request modifications, whether by addition or deletion, of these proposed admonitory instructions, questions and instructions as may be appropriate under subsequent Court

rulings, the controlling law, and the evidence actually admitted at trial. The Parties do not, by submitting any question or instruction, agree that legally sufficient evidence has been introduced on that particular issue. The Parties reserve the right to seek directed verdict and/or judgment notwithstanding the verdict on any and all issues of material fact.

Respectfully submitted,

/s/ *Ericha R. Brown*
Michael Y. Kim
State Bar No. 24039960
mkim@mkimlegal.com
Ericha Ramsey Brown
State Bar No. 24051952
erbrown@mkimlegal.com
Eduardo R. Garza
State Bar No. 24120843
egarza@mkimlegal.com

**THE MICHAEL KIM LAW FIRM, PLLC**
4236 W. Lovers Lane
Dallas, Texas 75209
(214) 357-7533
(214) 357-7531 Facsimile

ATTORNEYS FOR PLAINTIFF

/s/ *Simon D. Whiting*
Simon D. Whiting
State Bar No. 21373600
swhiting@cobbmartinez.com

**COBB MARTINEZ WOODWARD**
1700 Pacific Ave.
Suite 3100
Dallas, Texas 75201
(214) 220-5200
(214) 220- 5299 Facsimile

AND

Jill Herz
State Bar No. 00785930
service@jillherz.com

**JILL HERZ, ATTORNEY AT LAW, P.C.**
12240 Inwood Rd., Suite 400
Dallas, Texas 75244-8015
(214) 745-4567
(214) 745-1156 Facsimile

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the ***Proposed Joint Jury Charge and Verdict Form*** has been E-Served upon all counsel of record on this 6th day of March, 2023 in accordance with FED. R. CIV. P. 5(b)(2) as follows:

Simon D. Whiting
Cobb Martinez Woodward
1700 Pacific Ave.
Suite 3100
Dallas, Texas 75201
swhiting@cobbmartinez.com

Jill Herz
Jill Herz, Attorney at Law, P.C.
12240 Inwood Rd., Suite 400
Dallas, Texas 75244
service@jillherz.com

/s/ *Ericha R. Brown*
Ericha Ramsey Brown

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence that has been admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[2]

Plaintiff Michelle Felix has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Michelle Felix has failed to prove any element of her claim by a preponderance of the evidence, then she cannot recover on that claim.[3]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[4]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case,

---

[1] Committee on Civil Pattern Jury Instructions, Dist. Judges Assoc. Fifth Cir., *Pattern Jury Instructions (Civil Cases)* PJI 3.1 (2020).
[2] Fifth Cir. PJI 2.16.
[3] Fifth Cir. PJI 3.2.
[4] Fifth Cir. PJI 3.3.

that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[5]

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specified limited purpose for which it was admitted.[6]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether

---

[5] Fifth Cir. PJI 3.4.
[6] Fifth Cir. PJI 2.6.

it has to do with an important fact or with only an unimportant detail.[7]

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was presented and recorded the testimony. The questions and answers have been shown to you. This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.[8]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[9]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[10]

---

[7] Fifth Cir. PJI 2.11.
[8] Fifth Cir. PJI 2.13.
[9] Fifth Cir. PJI 3.5.
[10] Fifth Cir. PJI 3.6.

In this case, you must decide whether Plaintiff Michelle Felix was an employee of Defendant The Mary Kay Foundation as well as an employee of Defendant Mary Kay Inc. in order to hold Defendant The Mary Kay Foundation responsible for Plaintiff Michelle Felix's FMLA claims. You should answer this question based on the evidence.

Consider the following factors to the extent you decide that each applies to this case:

(a)     Common management between Defendant The Mary Kay Foundation and Defendant Mary Kay Inc.;

(b)     Interrelation between operations between Defendant The Mary Kay Foundation and Defendant Mary Kay Inc.;

(c)     Centralized control of labor relations between Defendant The Mary Kay Foundation and Defendant Mary Kay Inc.; and

(d)     Degree of common ownership/financial control between Defendant The Mary Kay Foundation and Defendant Mary Kay Inc.

No single factor is determinative, and the entire relationship among the separate entities should be viewed in its totality.[11]

---

[11] *See Clarke-Smith v. Business Partners in Healthcare, LLC,* No. 3:14-CV-2732-M, 2016 WL 279094, *6 (N.D. Tex. Jan. 22, 2016); 29 C.F.R. § 825.104(c).

*FMLA Retaliation*

Plaintiff Michelle Felix makes a claim for unlawful retaliation for exercise of her rights under the Family and Medical Leave Act (herein referred to as, the "FMLA"). Specifically, Plaintiff Michelle Felix claims that her taking FMLA leave, which is a FMLA-protected activity was a motivating factor in Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation terminating her employment.[12]

Defendant Mary Kay Inc. denies Plaintiff Michelle Felix's claims and contends that Plaintiff Michelle Felix was not retaliated against based on her FMLA-protected activity.[13] Defendant Mary Kay Inc. contends that it terminated Plaintiff Michelle Felix from employment for valid reasons regardless of her taking FMLA leave. The Mary Kay Foundation contends that it had no knowledge of Plaintiff Michelle Felix's FMLA leave and no role in the termination of her employment from Mary Kay Inc.

It is unlawful for an employer to retaliate against an employee for engaging in FMLA-protected activity.[14]

FMLA-protected activity includes, but is not limited to, requesting or taking leave, and once leave is completed, seeking restoration to the position the employee held when leave began or to a position with equivalent employment benefits, pay, and other terms and conditions of employment.[15]

To prevail, Plaintiff Michelle Felix must prove by a preponderance of the evidence that:

1.      She engaged in FMLA-protected activity;

---

[12] Fifth Cir. PJI 11.21.
[13] *See id.*
[14] *Id.*
[15] *Id.*

2. Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation terminated her employment; and

3. **Plaintiff Michelle Felix's engaging in a FMLA-protected activity was a motivating factor in Defendant Mary Kay Inc.'s and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation's decision to terminate Plaintiff Michelle Felix from her employment.** [16]

Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation would not have terminated Plaintiff Michelle Felix from her employment but for her engaging in FMLA-protected activity.[17]

Plaintiff Michelle Felix does not have to prove that her FMLA-protected activity is the only reason Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer), Defendant The Mary Kay Foundation altered the terms and conditions of Plaintiff Michelle Felix's employment and/or terminated her employment. But Plaintiff Michelle Felix must prove that she would not have had the terms and conditions of her employment altered and/or been terminated in the absence of her FMLA-protected activity. [18]

If you disbelieve the reason Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation has given for its decision, you may, but are not required to, infer that Defendant Mary Kay Inc.'s and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation's decision to alter the terms and conditions of Plaintiff

---

[16] Fifth Cir. PJI 11.21.
[17] Fifth Cir. PJI 11.21; *see also Adams v. Memorial Hermann,* 973 F.3d 343, 352-54 (5th Cir. 2020) (affirming but-for causation standard and holding it is questionable whether a mixed-motive causation standard is ever proper for FMLA retaliation claims).
[18] *Id.*

Michelle Felix's employment and/or terminate her employment was motivated by Plaintiff Michelle Felix's FMLA-protected activity.[19]

---

[19] *Id.*

*Interference with FMLA Benefits or Job Restoration*

Plaintiff Michelle Felix claims that she was entitled to be restored to her same position of employment, or to an equivalent position, upon her return from FMLA leave, but Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation failed to restore her to such a position.[20]

Defendant Mary Kay Inc. denies the claims and contends that Plaintiff Michelle Felix applied for and was granted FMLA leave, and that she returned to her position, or to an equivalent position, upon her return from FMLA leave.[21] The Mary Kay Foundation contends that it had no knowledge of Plaintiff Michelle Felix's FMLA leave and no role in her return from FMLA leave.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the FMLA, having the employer maintain certain employment benefits during leave, once leave is completed, being restored by the employer either to the position the employee held when leave began or to a position with equivalent benefits, pay and other terms and conditions of employment.[22]

An employee is entitled to take up to 12 weeks of leave in any 12-month period because of a "serious health condition" that made the employee unable to perform the functions of her position.[23]

On her return from FMLA leave, an employee is entitled to be restored to the position she held when the leave began, or to an equivalent position. An "equivalent position" is one that is virtually identical to the position the employee held at the time her leave began, with equivalent employment benefits, pay, and other terms and conditions of employment. An employee is entitled

---

[20] Fifth Cir. PJI 11.20.
[21] *Id.*
[22] *Id.*
[23] *Id.*

to job restoration even if she was replaced while on leave or her position was restructured to accommodate the leave.[24]

An employee's exercise of FMLA leave rights does not entitle her to greater rights to continued employment or employment benefits than any of her fellow employees who did not exercise FMLA leave rights. The employer is not required to restore the employee to the same or an equivalent position if the employer proves that the employee's employment/benefits would have ended even if she had not exercised her FMLA leave rights.[25]

It does not matter whether Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation intended to violate the FMLA. If Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation denied Plaintiff Michelle Felix a right to which she was entitled under the FMLA, then you should find for Plaintiff Michelle Felix on this issue.[26]

To prevail, Plaintiff Michelle Felix must prove by a preponderance of the evidence that:

1. Plaintiff Michelle Felix sought to return to employment with Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation following FMLA leave; and

2. Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation failed to restore Plaintiff Michelle Felix to the same position she held at the time FMLA leave began, or to an equivalent position.[27]

If Plaintiff Michelle Felix proves that Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation failed to restore her to the same or an equivalent employment position,

---

[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*

Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation may nevertheless succeed by proving by a preponderance of the evidence that Plaintiff Michelle Felix's same job, or an equivalent one, would no longer have been available to her when job restoration was sought because of reasons unrelated to the leave.[28]

Neither the FMLA nor its regulations preclude an employer from terminating an employee after the employee makes a request for leave. Defendant Mary Kay Inc. and Defendant The Mary Kay Foundation is not liable for interfering with Plaintiff Michelle Felix's FMLA rights if Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation would have terminated Plaintiff Michelle Felix regardless of her request for leave.[29] **Plaintiff objects to the inclusion of this instruction, as there is no basis for its inclusion found within the Fifth Circuit Pattern Jury Instructions, nor do the cited portions of the case relied upon by Defendants provide authority for inclusion. The cited authority does not demonstrate inclusion of such language in a Charge to the Jury would be appropriate, but instead discusses a potential legal argument surround the sufficiency and weight of the evidence.**

---

[28] Fifth Cir. PJI 11.20.
[29] *See Amedee v. Shell Chemical, L.P.,* 953 F.3d 831, 835-36 (5th Cir. 2020).

*FLSA—Joint Employers*[30]

In this case, you must decide whether Plaintiff Michelle Felix was an employee of Defendant The Mary Kay Foundation as well as an employee of Defendant Mary Kay Inc. in order to find Defendant The Mary Kay Foundation is responsible for Plaintiff Michelle Felix's FLSA claim. You should answer this question in light of the economic realities of the entire relationship between the parties based on the evidence.

Consider the following factors to the extent you decide that each applies to this case:

(a)  the nature and degree of control over the employee and who exercises that control;

(b)  the degree of supervision, direct or indirect, over the employee's work and who exercises that supervision;

(c)  who exercises the power to determine the employee's pay rate or method of payment;

(d)  who has the right, directly or indirectly, to hire, fire, or modify the employee's employment conditions;

(e)  who is responsible for preparing the payroll and paying wages;

(f)  who made the investment in the equipment and facilities the employee uses; and

(g)  the employment's permanence and duration.

While no single factor is determinative, the extent of the right to control the means and manner of the worker's performance is the most important factor.

---

[30] Fifth Cir. PJI 11.27.

*Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.)*

Plaintiff Michelle Felix claims that Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation did not pay Plaintiff Michelle Felix the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.[31]

Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation deny the claims and contend that Plaintiff Michelle Felix was not entitled to overtime pay under the FLSA because she was exempt from the overtime pay requirement as an administrative employee.[32] Defendant The Mary Kay Foundation denies that it was Plaintiff's employer and denies that it jointly employed Plaintiff with Mary Kay Inc.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

To succeed on her claim, Plaintiff Michelle Felix must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Michelle Felix was an employee of Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation during the relevant period;

2. Plaintiff Michelle Felix was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for 2017, 2018, and 2019; and

3. Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation failed to pay Plaintiff Michelle Felix the overtime pay required by law.[33]

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a

---

[31] Fifth Cir. PJI 11.24.
[32] *Id.*
[33] *Id.*

regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time she worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.[34]

To calculate how much overtime pay Plaintiff Michelle Felix earned in a particular week, multiply her regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.[35]

In this case, Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation claims that they are exempt from FLSA's overtime provisions. To establish that they are exempt, Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Michelle Felix was an employee;

2. who was compensated on a salary or fee basis at a rate of not less than $684 per week, exclusive of board, lodging, or other facilities;

3. whose primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

4. whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.[36]

---

[34] *Id.*
[35] *Id.*
[36] *Id.*; *see also* 29 C.F.R § 541.200.

As to the first fact, the parties stipulate--or, in other words, agree--that Plaintiff Michelle Felix was an employee of Mary Kay Inc. They do not agree that Plaintiff was an employee of The Mary Kay Foundation. As to the second fact, the parties stipulate that Plaintiff Michelle Felix was compensated on a salary or fee basis at a rate of not less than $684 per week. Therefore, you do not need to consider the second fact at all. No stipulation applies to the third fact, so the fourth fact remains for you to decide in its entirety. No stipulation applies to the fourth fact, so the fourth fact remains for you to decide in its entirety.

In summary, in light of the parties' stipulations, you must decide whether (1) Plaintiff was an employee of The Mary Kay Foundation; (2) Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant; and (3) Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance. I will now instruct you on the meaning of several of these terms, including "primary duty," "directly related," "discretion and independent judgment," and "matters of significance."[37]

The term "primary duty" means the principal, main, major, or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include but are not limited to the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.[38]

---

[37] Fifth Cir. PJI. §11.24
[38] 29 C.F.R. § 541.700(a).

The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.[39]

Work directly related to management or general business operations includes but is not limited to work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public and government relations; computer network, internet, and database administration; legal and regulatory compliance; and similar activities.[40]

In general, the exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct, and acting or making a decision after various possibilities have been considered.[41]

The phrase "discretion and independent judgment" must be applied in light of all the facts involved in the particular employment situation. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are

---

[39] 29 C.F.R. § 541.201(a).
[40] 29 C.F.R. § 541.201(b).
[41] 29 C.F.R. § 541.202 (a).

related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes, or resolving grievances.[42]

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that on occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment. For example, the policies formulated by the credit manager of a large corporation may be subject to review by higher company officials who may approve or disapprove these policies. The management consultant who has made a study

---

[42] 29 C.F.R. § 541.202(b).

of the operations of a business and who has drawn a proposed change in organization may have the plan reviewed or revised by superiors before it is submitted to the client.[43]

An employer's volume of business may make it necessary to employ a number of employees to perform the same or similar work. The fact that many employees perform identical work or work of the same relative importance does not mean that the work of each such employee does not involve the exercise of discretion and independent judgment with respect to matters of significance.[44]

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures, or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent, or routine work. An employee who simply tabulates data is not exempt, even if labeled as a "statistician."[45]

An employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly. For example, a messenger who is entrusted with carrying large sums of money does not exercise discretion and independent judgment with respect to matters of significance even though serious consequences may flow from the employee's neglect. Similarly, an employee who operates very expensive equipment does not exercise discretion and independent judgment with respect to matters of significance merely because

---

[43] 29 C.F.R. § 541.202(c).
[44] 29 C.F.R. § 541.202(d).
[45] 29 C.F.R. § 541.202(e).

improper performance of the employee's duties may cause serious financial harm to the employer.[46]

The term "matters of significance" refers to the level of importance or consequence of the work performed.[47]

---

[46] 29 C.F.R. § 541.202(f).
[47] 29 C.F.R. § 541.202(a).

*FMLA Damages*

If you found that Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation violated the FMLA, then you must determine whether those violation(s) caused Plaintiff Michelle Felix damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Michelle Felix has proved liability.[48]

Plaintiff Michelle Felix must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Michelle Felix need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.[49]

You should consider the following elements of damages and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant Mary Kay Inc.'s and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation's violation of the FMLA, if any.[50]

Wages, salary, and benefits include the amounts the evidence shows Plaintiff Michelle Felix would have earned had she remained an employee of Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation from September 3, 2019 to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, Defendant Mary Kay Inc. and (if you determine The Mary Kay

---

[48] Fifth Cir. PJI 11.22.
[49] *Id.*
[50] *Id.*

Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation proves by a preponderance of the evidence Plaintiff Michelle Felix received from employment during that time.[51]

---

[51] *Id.*

*FLSA Damages*

If you find that Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Michelle Felix has proved liability.[52]

The amount of damages is the difference between the amount Plaintiff Michelle Felix should have been paid and the amount she was actually paid. Plaintiff Michelle Felix is entitled to recover lost wages for the two years before she filed this lawsuit, unless you find that Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Michelle Felix's joint employer) Defendant The Mary Kay Foundation knew or showed reckless disregard for whether the FLSA prohibited its conduct, **then Plaintiff Michelle Felix is entitled to recover lost wages for three years before the date she filed this lawsuit. Plaintiff Michelle Felix filed this lawsuit on March 20, 2020.**[53] while Plaintiff Michelle Felix was acting in the role of CSR Specialist that she held from July 2013 through February 2019, then Plaintiff Michelle Felix is entitled to recover lost wages for the period from March 20, 2017 through February 2019.[54]

---

[52] Fifth Cir. PJI 11.25.
[53] *Id.*
[54] *Id.*

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.[55]

ALTERNATE 1:

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.[56]

ALTERNATE 2:

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.[57]

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.[58]

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date

---

[55] Fifth Cir. PJI 3.7.
[56] *Id.*
[57] *Id.*
[58] *Id.*

it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.[59]

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.[60]

You may now proceed to the jury room to begin your deliberations.[61]

---

[59] *Id.*
[60] *Id.*
[61] *Id.*

## VERDICT OF THE JURY

We the jury, have unanimously agreed to the answers to the attached questions and return such answer in open court as our verdict in this cause.

_____
Foreperson

_____
Date

<u>QUESTION NO. 1</u>[62]

Has Plaintiff Michelle Felix proved that she was an employee of Defendant The Mary Kay Foundation?

Answer "Yes" or "No."

_____

If you answered "Yes" as to Question No. 1, then answer the following question as to both Defendant Mary Kay Inc. and Defendant The Mary Kay Foundation. Otherwise, only answer the following question as to Defendant Mary Kay Inc.

<u>QUESTION NO. 2</u>[63]

Did either of the below named Defendants fail or refuse to restore Plaintiff Michelle Felix to her same or an equivalent job position on her return from FMLA leave on August 19, 2019?

Answer "Yes" or "No" for each of those named below:

Defendant Mary Kay Inc.: _____

Defendant The Mary Kay Foundation: _____

If you answered "Yes" as to Question No. 1, then answer the following question as to both Defendant Mary Kay Inc. and Defendant The Mary Kay Foundation. Otherwise, only answer the following question as to Defendant Mary Kay Inc.

<u>QUESTION NO. 3</u>[64]

**Was either of the below named Defendants' decision to alter the terms and conditions of Plaintiff Michelle Felix's employment and/or terminate Plaintiff Michelle Felix's employment motivated by Plaintiff Michelle Felix's FMLA-protected activity?**

<u>Would either of the below named Defendants have terminated Plaintiff Michelle Felix's employment but for her FMLA-protected activity?</u>

Answer "Yes" or "No" for each of those named below:

Defendant Mary Kay Inc.: _____

Defendant The Mary Kay Foundation: _____

---

[62] Fifth Cir. PJI11.27 (modified)
[63] Fifth Cir. PJI 11.20.
[64] Fifth Cir. PJI 11.21.

If you answered "Yes" to Question No. 2 or 3, then answer Question No. 4. Otherwise, do not answer Question No. 4.

## QUESTION NO. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Michelle Felix for the damages, if any, you have found Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation caused Plaintiff Michelle Felix?[65]

*Answer in dollars and cents for the following items and no others:*

Wages, salary, employment benefits, or other compensation denied or lost from September 3, 2019 to the present day:

$_____

If you answered "Yes" to either Question No. 2 or 3 and assessed damages in Question No. 4, then answer the following Question No. 5. Otherwise, do not answer Question No. 5. Additionally, if you answered "No" to Question No. 1, then only answer Question No. 5 as to Mary Kay Inc.

## QUESTION NO. 5[66]

Do you find that any of those named below acted in good faith and had reasonable grounds for believing that its actions complied with the FMLA?

*Answer "Yes" or "No" for each of those named below:*

Defendant Mary Kay Inc.: _____

Defendant The Mary Kay Foundation: _____

---

[65] Fifth Cir. PJI 11.22.

[66] *Nero v. Indus. Molding Corp.,* 167 F.3d 921, 929 (5th Cir. 1999); 29 U.S.C. § 2617(a)(1)(A)(iii) (liquidated damages not available if acts or omissions giving rise to violation were in good faith and employer had reasonable grounds for believing such acts or omissions did not violate FMLA).

<u>QUESTION NO. 6</u>

Has Plaintiff Michelle Felix proved that she was an employee of Defendant The Mary Kay Foundation? [67]

Answer "Yes" or "No."

_____

If you answered "Yes" as to Question No. 6, then answer the following question as to both Defendant Mary Kay Inc. and Defendant The Mary Kay Foundation. Otherwise, only answer the following question as to Defendant Mary Kay Inc.

<u>QUESTION NO. 7</u>

Has Plaintiff Michelle Felix proved that she was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of commercial goods?[68]

Answer "Yes" or "No":_____

If you answered "Yes" to Question No. 7, then answer Question No. 8. Otherwise, do not answer Question No. 8.

**<u>QUESTION NO. 8</u>**

**Has Defendant Mary Kay, Inc. and/or Defendant The Mary Kay Foundation proved that Plaintiff Michelle Felix was exempt from the overtime-pay requirement as an administrative employee?[69]**

**Answer "Yes" or "No" for each of those named below:**

**Defendant Mary Kay Inc.: _____**

**Defendant The Mary Kay Foundation: _____**

**If you answered "No" as to either Defendant to Question No. 8, then answer Question No. 9. Otherwise, do not answer Question No. 9.**

---

[67] Fifth Cir. PJI 11.24 (modified).
[68] Fifth Cir. PJI 11.24.
[69] Fifth Cir. PJI 11.24.

## QUESTION NO. 8(a)

_____ Have either of the Defendants Mary Kay Inc. and/or The Mary Kay Foundation proved that Plaintiff Michelle Felix was exempt from the overtime-pay requirement as an administrative employee in her role as CSR Specialist that she held from July 2013 through February 2019?[70]

Answer "Yes" or "No":_____

If you answered "No" to Question No. 8(a), then answer Question No. 9(a). Otherwise, do not answer Question No. 9(a).

## QUESTION NO. 8(b)

_____ Have either of the Defendants Mary Kay Inc. and/or The Mary Kay Foundation proved that Plaintiff Michelle Felix was exempt from the overtime-pay requirement as an administrative employee in her role as Specialist Corporate Social Responsibility from February 2019 through September 3, 2019?[71]

Answer "Yes" or "No":_____

If you answered "No" to Question No. 8(b), then answer Question No. 9(b). Otherwise, do not answer Question No. 9(b).

## **QUESTION NO. 9**

**Has Plaintiff Michelle Felix proved that Defendant Mary Kay, Inc. and/or Defendant The Mary Kay Foundation failed to pay her the overtime pay required by law?[72]**

**Answer "Yes" or "No" for each of those named below:**

**Defendant Mary Kay Inc.: _____**

**Defendant The Mary Kay Foundation: _____**

**If you answered "Yes" as to either Defendant to Question No. 9, then answer Question No. 10. Otherwise, do not answer Question No. 10.**

---

[70] _See id._
[71] _See id._
[72] Fifth Cir. PJI 11.24.

<u>QUESTION NO. 9(a)</u>

    <u>Has Plaintiff Michelle Felix proved that any of the following Defendants failed to pay her the overtime pay required by law in her role as CSR Specialist that she held from July 2013 through February 2019?[73]</u>

    <u>Answer "Yes" or "No" for each of those named below:</u>

    <u>Defendant Mary Kay Inc.:</u>    <u>_____</u>

    <u>Defendant The Mary Kay Foundation:</u> <u>_____</u>

    <u>If you answered "Yes" to Question No. 9(a), then answer Question No. 10(a). Otherwise, do not answer Question No. 10(a).</u>

<u>QUESTION NO. 9(b)</u>

    <u>Has Plaintiff Michelle Felix proved that any of the following Defendants failed to pay her the overtime pay required by law in her role as Specialist Corporate Social Responsibility from February 2019 through September 3, 2019?[74]</u>

    <u>Answer "Yes" or "No" for each of those named below:</u>

    <u>Defendant Mary Kay Inc.:</u>    <u>_____</u>

    <u>Defendant The Mary Kay Foundation:</u> <u>_____</u>

    <u>If you answered "Yes" to Question No. 9(b), then answer Question No. 10(b). Otherwise, do not answer Question No. 10(b).</u>

## **QUESTION NO. 10**

    **Has Plaintiff Michelle Felix proved that she is entitled to recover damages under the FLSA?[75]**

    **Answer "Yes" or "No":_____**

    **If you answered "Yes" as to either Defendant to Question No. 10, then answer Question No. 11. Otherwise, do not answer Question No. 11.**

---

[73] *Id.*
[74] *Id.*
[75] Fifth Cir. PJI 11.25.

## QUESTION NO. 10 (a)

Has Plaintiff Michelle Felix proved that she is entitled to recover damages under the FLSA for the time period she was employed as CSR Specialist that she held from July 2013 through February 2019?[76]

Answer "Yes" or "No":_____

If you answered "Yes" to Question No. 10(a), then answer Question No. 11. Otherwise, do not answer Question No. 11.

## QUESTION NO. 10 (b)

Has Plaintiff Michelle Felix proved that she is entitled to recover damages under the FLSA for the time period she was employed as Specialist Corporate Social Responsibility from February 2019 through September 3, 2019?[77]

Answer "Yes" or "No":_____

If you answered "Yes" to Question No. 10(b), then answer Question No. 12(b). Otherwise, do not answer Question No. 12(b).

## **QUESTION NO. 11**

**Has Plaintiff Michelle Felix proved that Defendant Mary Kay, Inc. and/or Defendant The Mary Kay Foundation knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?[78]**

**Answer "Yes" or "No" for each of those named below:**

**Defendant Mary Kay Inc.: _____**

**Defendant The Mary Kay Foundation: _____**

**If your answer is "Yes," you should award damages for the three-year period from March 20, 2017 to March 20, 2020. If your answer is "No," you should award damages for the two- year period from March 20, 2018 to March 20, 2020**.

## QUESTION NO. 11

Has Plaintiff Michelle Felix proved that either of the below named Defendants either knew its conduct was prohibited by the FLSA or showed reckless disregard for whether its conduct was

---

[76] Fifth Cir. PJI 11.25.
[77] Fifth Cir. PJI 11.25.
[78] Fifth Cir. PJI 11.24.

prohibited by the FLSA while Plaintiff Michelle Felix was acting in the role of CSR Specialist that she held from July 2013 through February 2019?[79]

Answer "Yes" or "No" for each of those named below:

Defendant Mary Kay Inc.: **_____**

Defendant The Mary Kay Foundation: **_____**

If you answered "Yes" to Question No. 10(a), then answer Question No. 12(a).

## **QUESTION NO. 12**

**What sum of money would fairly and reasonably compensate Plaintiff Michelle Felix for the damages, if any, you have found Defendant Mary Kay, Inc. or Defendant The Mary Kay Foundation caused Plaintiff Michelle Felix?[80]**

**Answer in dollars and cents for the following items and no other:**

**$_____**

## QUESTION NO. 12(a)

What sum of money would fairly and reasonably compensate Plaintiff Michelle Felix for the damages, if any, you have found Defendant Mary Kay Inc. or Defendant The Mary Kay Foundation caused Plaintiff Michelle Felix while in her role as CSR Specialist?[81]

If your answer is "Yes" as to either Defendant Mary Kay, Inc. or The Mary Kay Foundation in Question No. 11, you should award damages for the period from March 20, 2017 through February 2019. If your answer is "No," you should award damages for the period from March 20, 2018 through February 2019.

Answer in dollars and cents for the following items and no other:

$_____

## QUESTION NO. 12(b)

_____ What sum of money would fairly and reasonably compensate Plaintiff Michelle Felix for the damages, if any, you have found Defendant Mary Kay Inc. or Defendant The Mary Kay

---

[79] *Id.*
[80] *Id.*
[81] *Id.*

Foundation caused Plaintiff Michelle Felix while in her role as Specialist Corporate Social Responsibility from February 2019 through September 3, 2019?[82]

Answer in dollars and cents for the following items and no other:

$_____

If you answered "Yes" to Question No. 9(a) and "and assessed damages in Question No. 12(a) then answer the following Question No. 13(a).  Otherwise, do not answer Question No. 13 (a).

## QUESTION NO. 13(a)[83]

Do you find that either of those named below acted in good faith and had reasonable grounds for believing that its actions complied with the FLSA while Plaintiff Michelle Felix was employed as CSR Specialist?

Answer "Yes" or "No" for each of the following:

Defendant Mary Kay Inc._____

Defendant The Mary Kay Foundation _____

If you answered "Yes" to Question No. 9(b) and assessed damages in Question No. 12(b) then answer the following Question No. 14(b).  Otherwise, do not answer Question No. 13(b).

## QUESTION NO. 13(b)[84]

Do you find that either of those named below acted in good faith and had reasonable grounds for believing that its actions complied with the FLSA while Plaintiff Michelle Felix was employed as Specialist Corporate Social Responsibility?

Answer "Yes" or "No" for each of the following:

Defendant Mary Kay Inc._____

Defendant The Mary Kay Foundation _____

---

[82] *Id.*

[83] *Nero v. Indus. Molding Corp.,* 167 F.3d 921, 929 (5th Cir. 1999) ("Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith").

[84] *Nero v. Indus. Molding Corp.,* 167 F.3d 921, 929 (5th Cir. 1999) ("Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith").