UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE FELIX, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:20-CV-0683-X |
| MARY KAY, INC. and THE MARY KAY FOUNDATION, | § § § § | |
| *Defendants.* | § § | |

# **JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or either defendant in arriving at your verdict.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Preponderance of the Evidence**

Plaintiff Felix has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Felix has failed to prove any

element of her claim by a preponderance of the evidence, then she may not recover on that claim.

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Stipulations**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties stipulate to the below facts, which are set forth in individually numbered paragraphs, and which require no proof.

1. Plaintiff was employed by Mary Kay in the position of CSR Specialist from 2013 until February 2019.

2. Plaintiff worked in the position of Specialist, Corporate Social Responsibility from February 2019 until her termination on September 3, 2019.

3. Plaintiff reported to Madeline Littrell in her Specialist, Corporate Social Responsibility position.

4. Plaintiff injured her foot the night before seminar in 2019.

5. Plaintiff took personal leave to be with her daughter on July 23 and July 24, 2019.

6. Plaintiff was on FMLA leave from July 30 to August 18, 2019.

7. Plaintiff returned to work on August 19, 2019.

8. On September 3, 2019, Madeline Littrell terminated Plaintiff's employment. Lauren Ewing was present at the termination meeting.

9. Plaintiff was paid on a salary basis by Mary Kay.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on

the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent

mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Plaintiff's Claims**

I will now instruct you on the law that you must apply to Plaintiff Felix's claims.

### A. Plaintiff Felix's Family and Medical Leave Act Claims

#### 1. Integrated Employer

You must decide whether Plaintiff Felix was an employee of Defendant The Mary Kay Foundation as well as an employee of Defendant Mary Kay Inc. in order to hold Defendant The Mary Kay Foundation responsible for Plaintiff Felix's FMLA claims. You should answer this question based on the evidence.

Consider the following factors in determining whether Defendant The Mary Kay Foundation and Defendant Mary Kay Inc. are an integrated employer:

(a) Common management between Defendant The Mary Kay Foundation and Defendant Mary Kay Inc.;

(b) Interrelation between operations of Defendant The Mary Kay Foundation and Defendant Mary Kay Inc.;

(c) Centralized control of labor relations between Defendant The Mary Kay Foundation and Defendant Mary Kay Inc.; and

(d) Degree of common ownership/financial control between Defendant The Mary Kay Foundation and Defendant Mary Kay Inc.

Whether separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality.

### 2. Retaliation

Plaintiff Felix claims that she would not have been terminated by Defendant Mary Kay Inc. and Defendant The Mary Kay Foundation but for her taking leave under the Family and Medical Leave Act.

Defendant Mary Kay Inc. denies the claims and contends that it terminated Plaintiff Felix from employment for valid reasons regardless of her taking medical leave.

Defendant The Mary Kay Foundation contends that it had no knowledge of Plaintiff Felix's medical leave and no role in terminating her employment.

It is unlawful for an employer to retaliate against an employee for engaging in FMLA-protected activity.

FMLA-protected activity includes, but is not limited to, requesting or taking leave, and once leave is completed, seeking restoration to the position the employee held when leave began or to a position with equivalent employment benefits, pay, and other terms and conditions of employment.

To prevail, Plaintiff Felix must prove by a preponderance of the evidence that:

1. She engaged in FMLA-protected activity;

2. Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation terminated her employment; and

3. Plaintiff Felix's engaging in a FMLA-protected activity was a motivating factor in Defendant Mary Kay Inc.'s and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation's decision to terminate Plaintiff Felix from her employment.

Plaintiff Felix does not have to prove that her FMLA-protected activity is the only reason Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation altered the terms and conditions of Plaintiff Felix's employment and/or terminated her employment. But Plaintiff Felix must prove that she would not have had the terms and conditions of her employment altered and/or been terminated in the absence of her FMLA-protected activity.

If you disbelieve the reason Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation has given for its decision, you may, but are not required to, infer that Defendant Mary Kay Inc.'s and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation's decision to alter the terms and

conditions of Plaintiff Felix's employment and/or terminate her employment was motivated by Plaintiff Felix's FMLA-protected activity.

### 3. Interference

Plaintiff Felix claims that she was entitled to be restored to her same position of employment, or to an equivalent position, upon her return from FMLA leave, but Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation failed to restore her to such a position.

Defendant Mary Kay Inc. denies the claims and contends that Plaintiff Felix applied for and was granted FMLA leave, and that she returned to her position, or to an equivalent position, upon her return from FMLA leave.

Defendant The Mary Kay Foundation contends that it had no knowledge of Plaintiff Felix's FMLA leave and no role in her return from FMLA leave.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the FMLA, and once leave is completed, being restored by the employer either to the position the employee held when leave began or to a position with equivalent benefits, pay and other terms and conditions of employment.

An employee is entitled to take up to 12 weeks of leave in any 12-month period because of a "serious health condition" that made the employee unable to perform the functions of her position.

On her return from FMLA leave, an employee is entitled to be restored to the position she held when the leave began, or to an equivalent position. An "equivalent position" is one that is virtually identical to the position the employee held at the time her leave began, with equivalent employment benefits, pay, and other terms and conditions of employment. An employee is entitled to job restoration even if she was replaced while on leave or her position was restructured to accommodate the leave.

An employee's exercise of FMLA leave rights does not entitle her to greater rights to continued employment or employment benefits than any of her fellow employees who did not exercise FMLA leave rights. The employer is not required to restore the employee to the same or an equivalent position if the employer proves that the employee's employment would have ended even if she had not exercised her FMLA leave rights.

It does not matter whether Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation intended to violate the FMLA. If Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation denied Plaintiff Felix a right to which she was entitled under the FMLA, then you should find for Plaintiff Felix on this issue.

To prevail, Plaintiff Felix must prove by a preponderance of the evidence that:

1. Plaintiff Felix sought to return to employment with Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were

Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation following FMLA leave; and

2. Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation failed to restore Plaintiff Felix to the same position she held at the time FMLA leave began, or to an equivalent position.

If Plaintiff Felix proves that Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation failed to restore her to the same or an equivalent employment position, Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation may nevertheless succeed by proving by a preponderance of the evidence that Plaintiff Felix's same job, or an equivalent one, would no longer have been available to her when job restoration was sought because of reasons unrelated to the leave.

### 4. Damages

If you found that Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation violated the Family and Medical Leave Act, then you must determine whether those violation(s) caused Plaintiff Felix damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Felix has proved liability.

Plaintiff Felix must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the

other hand, Plaintiff Felix need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

You should consider the following elements of damages and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant Mary Kay Inc.'s and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation's violation of the FMLA, if any.

Wages, salary, and benefits include the amounts the evidence shows Plaintiff Felix would have earned had she remained an employee of Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation from September 3, 2019 to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation and Mary Kay Inc. were Plaintiff Felix's integrated employer) Defendant The Mary Kay Foundation proves by a preponderance of the evidence Plaintiff Felix received from employment during that time.

## B. Plaintiff Felix's Federal Labor Standards Act Claim

### 1. Joint Employers

In this case, you must decide whether Plaintiff Michelle Felix was an employee of Defendant The Mary Kay Foundation as well as an employee of Defendant Mary Kay Inc. in order to find Defendant The Mary Kay Foundation is responsible for

Plaintiff Michelle Felix's FLSA claim. You should answer this question in light of the economic realities of the entire relationship between the parties based on the evidence.

Consider the following factors to the extent you decide that each applies to this case:

> (a) the nature and degree of control over the employee and who exercises that control;
>
> (b) the degree of supervision, direct or indirect, over the employee's work and who exercises that supervision;
>
> (c) who exercises the power to determine the employee's pay rate or method of payment;
>
> (d) who has the right, directly or indirectly, to hire, fire, or modify the employee's employment conditions;
>
> (e) who is responsible for preparing the payroll and paying wages;
>
> (f) who made the investment in the equipment and facilities the employee uses; and
>
> (g) the employment's permanence and duration.

While no single factor is determinative, the extent of the right to control the means and manner of the worker's performance is the most important factor.

### 2. Overtime Pay

Plaintiff Felix claims that Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation did not pay Plaintiff Felix the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation deny the claims and contend that Plaintiff Felix was not entitled to overtime pay under the

FLSA because she was exempt from the overtime pay requirement as an administrative employee.

Defendant The Mary Kay Foundation denies that it was Plaintiff's employer and denies that it jointly employed Plaintiff with Mary Kay Inc.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

To succeed on her claim, Plaintiff Felix must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Felix was an employee of Defendant Mary Kay Inc. and/or Defendant The Mary Kay Foundation during the relevant period;

2. Plaintiff Felix was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for 2017, 2018, and 2019; and

3. Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Felix's joint employer) Defendant The Mary Kay Foundation failed to pay Plaintiff Felix the overtime pay required by law.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than

40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time she worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To calculate how much overtime pay Plaintiff Felix earned in a particular week, multiply her regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Felix's joint employer) Defendant The Mary Kay Foundation claims that they are exempt from FLSA's overtime provisions. To establish that they are exempt, Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Felix's joint employer) Defendant The Mary Kay Foundation must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Felix was an employee;

2. who was compensated on a salary or fee basis at a rate of not less than $684 per week, exclusive of board, lodging, or other facilities;

3. whose primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

4. whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

As to the first fact, the parties stipulate—or, in other words, agree—that Plaintiff Felix was an employee of Mary Kay Inc. They do not agree that Plaintiff

was an employee of The Mary Kay Foundation. As to the second fact, the parties stipulate that Plaintiff Felix was compensated on a salary or fee basis at a rate of not less than $684 per week. Therefore, you do not need to consider the second fact at all. No stipulation applies to the third fact, so the third fact remains for you to decide in its entirety. No stipulation applies to the fourth fact, so the fourth fact remains for you to decide in its entirety.

I will now instruct you on the meaning of several of these terms, including "primary duty," "directly related," "discretion and independent judgment," and "matters of significance."

*Primary duty.* The term "primary duty" means the principal, main, major, or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include but are not limited to the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

*Directly related to the management or general business operations.* The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the

business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes but is not limited to work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public and government relations; computer network, internet, and database administration; legal and regulatory compliance; and similar activities.

*Discretion and independent judgment.* In general, the exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct, and acting or making a decision after various possibilities have been considered. The phrase "discretion and independent judgment" must be applied in light of all the facts involved in the particular employment situation.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. The fact that many employees perform identical work or work of the same relative importance does not mean that the work of each such employee does not involve the exercise of discretion and independent judgment with respect to matters of significance.

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures, or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent, or routine work. An employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly.

*Matters of significance.* The term "matters of significance" refers to the level of importance or consequence of the work performed.

### 3. Damages

If you find that Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Felix's joint employer) Defendant The Mary Kay Foundation violated the Fair Labor Standards Act, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Felix has proved liability.

The amount of damages is the difference between the amount Plaintiff Felix should have been paid and the amount she was actually paid. Plaintiff Felix is entitled to recover lost wages for the two years before she filed this lawsuit, unless you find that Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Felix's joint employer) Defendant The Mary Kay

Foundation either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that Defendant Mary Kay Inc. and (if you determine The Mary Kay Foundation was Plaintiff Felix's joint employer) Defendant The Mary Kay Foundation knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiff Felix is entitled to recover lost wages for three years before the date she filed this lawsuit. Plaintiff Felix filed this lawsuit on March 20, 2020.

**Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question on the verdict form.

You may now proceed to the jury room to begin your deliberations.