UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE FELIX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-00683-X |
| | § | |
| MARY KAY, INC. and THE MARY | § | |
| KAY FOUNDATION, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO ENTER JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Michelle Felix, Plaintiff in the above-styled and numbered cause ("Plaintiff"), and files this, her Motion to Enter Judgment, and asks the Court to enter the judgment against Mary Kay, Inc. ("Mary Kay") and the Mary Kay Foundation (the "Foundation"), Defendants in the above-styled and numbered cause (Mary Kay and the Foundation are collectively referred to herein as "Defendants"), based upon the jury's findings announced by the Court on March 28, 2023, and in support thereof would respectfully show the Court the following:

**I.
INTRODUCTION**

1. Plaintiff is Michelle Felix. Defendants are Mary Kay, Inc. and The Mary Kay Foundation.

2. Plaintiff sued Defendants, jointly and severally, for allegations of retaliation and interference in violation of the Family Medical Leave Act ("FMLA"), and for alleged misclassification of Plaintiff's position as an employee exempt from overtime pursuant to the Fair

Labor Standards Act ("FLSA"). Plaintiff further claimed that Defendant The Mary Kay Foundation was an "employer" for purposes of the FMLA and/or the FLSA.

3. After a trial on the merits, the Court submitted this case to the Jury. A true and correct copy of the questions the Jury considered, and the Jury's answers (the "Jury Questions") are attached hereto and fully incorporated herein by this specific reference as **Exhibit A**. The findings of the Jury entitle Plaintiff to judgment against Defendants, jointly and severally.

4. Plaintiff requests that the judgment be set out promptly in a separate document as required by Federal Rule of Civil Procedure 58(a) and 58(d).

## II.
## ARGUMENT AND AUTHORITIES

**A.   The Verdict**

5. A clerk must promptly prepare, sign, and enter the judgment in a separate document when (1) the jury returns a general verdict; (2) the Court awards only costs or a sum certain; or (3) the Court denies all relief. FED. R. CIV. P. 58(b)(1).

6. On March 28, 2023, the Jury returned a general verdict with answers to written questions in favor of Plaintiff and against Defendants, jointly and severally. *See* **Exhibit A**.

7. At this time, the clerk has not prepared, signed, or entered judgment, and the Court has not approved the form of the Judgment. Thus, the Court should order the clerk to enter the judgment for Plaintiff against Defendants, jointly and severally, in the principal amount of One Hundred and Thirty-Seven Thousand, One Hundred Dollars ($137,100.00).

**B.   Liquidated Damages**

8. As noted above, following the jury trial of this matter, the Jury found in favor of Plaintiff regarding her claims of retaliation in violation of the FMLA. Thus, under 29 U.S.C.A. § 2617, Plaintiff is a prevailing plaintiff.

9. Further, 29 U.S.C.A. § 2617 (a)(1)(A)(iii) states,

> Any employer who violates section 2615. . . shall be liable to any eligible employee affected-- for damages equal to-- an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively

29 U.S.C.A. § 2617 (a)(1)(A)(iii).

10. While the Court submitted Question No. 5 regarding the good faith defense, during the charge conference, the Court indicated that such question was merely advisory. As such, the Court is not bound by the Jury's answer to Question 5 in the Jury Questions.

11. "The FMLA provides that a court <u>shall</u> award liquidated damages equal to the damages due to lost compensation plus interest. If an employer proves that it acted 'in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA],' then the court may reduce the damages." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999) (emphasis added) (citations omitted).

12. "'[T]he legislative history of the FMLA reveals that Congress intended the remedial provisions of the FMLA to mirror those in the FLSA." *Id.*

13. "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate liquidated damages award unless the employer first sustains its burden showing that its failure to obey the statute was in good faith." *Id.* However, "[e]ven assuming that [Defendant] acted in good faith, the decision to award liquidated damages is still within the discretion of the trial court." *Id.* at 929. Further, "'[e]ven if a trial court is satisfied that an

employer acted both in good faith and reasonably, it may still award liquidated damages at its discretion. . . .'" Importantly, "[d]oubling of an award is the norm under FMLA, because a plaintiff is awarded liquidated damages in addition to compensation lost. The district court's discretion to reduce the liquidated damages 'must be exercised consistently with the <u>strong presumption under the statute in favor of doubling</u>." *Id*. (emphasis added) (citations omitted); *see also Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998) (stating in FLSA case that, even if the defendant acted in good faith given the fact that Defendant violated the FLSA, there was no error in the district court using its discretion to award liquidated damages).

14. The evidence at trial demonstrated, among other things, that no investigation was made into Plaintiff's complaints of retaliation, or the allegations made against Plaintiff by alleged volunteers and/or Ms. Littrell. *See e.g. Ion v. Chevron*, 731 F.3d 379, 395 (5th Cir. 2013) (for the proposition that failing to conduct any type of inquiry into alleged co-worker statements "calls into doubt [defendant's] reasonable reliance and good faith on [the co-worker's] statements"). Moreover, temporal proximity and past good service presents a sufficient basis for a "jury [to] reasonably conclude that Defendants were attempting to. . . punish [Plaintiff] for taking FMLA leave." *Mead v. Lattimore Materials Co.*, 2018 WL 807032, at *7 (N.D. Tex. Feb. 9, 2018). The same holds true for the lack of prior discipline. *Id*. at *6; *see also Smith v. Xerox*, 371 Fed. App'x 514, 520 (5th Cir. 2010) (for the proposition that a long-tenured employee with no discipline before availing themselves of their statutorily protected rights, while also being accused of "suspicious new charges of wrongdoing for arguably minor incidents" is sufficient for the jury to conclude that [the supervisor's] animus towards Plaintiff boiled over due to the complaint.). As demonstrated at trial, Plaintiff did not have prior disciplinary history, nor did Defendants follow their own

policies and procedures for progressive discipline when it came to Plaintiff, which was confirmed by the testimony of their own corporate representative, Carrie Adams.

15. Importantly, during trial, Defendants presented <u>no evidence</u> that they even attempted to ascertain whether or not they were acting in compliance with the FMLA.

16. "The employer [] 'faces a "substantial burden" of demonstrating good faith and a reasonable belief that its actions did not violate the [statute].'" *Stanton v. Jarvis Christian College*, 2020 WL 5269439, at *2 (E.D. Tex. 2020) (slip copy). Without <u>substantial</u> evidence of a good faith defense by Defendants, this Court lacks discretion not to award liquidated damages pursuant to the clear language of 29 U.S.C.A. § 2617 (a)(1)(A)(iii). Further, despite the advisory opinion received from the jury, the <u>strong statutory presumption</u> in favor of doubling an award for violation of the FMLA, together with the evidence before the Court, demonstrates that the Court should award Plaintiff liquidated damages in the amount of One Hundred and Thirty-Seven Thousand, One Hundred Dollars ($137,100.00), which is the amount awarded to Plaintiff by the Jury for Defendants' violation of the FMLA.[1]

17. As the claims asserted by Plaintiff were brought equally against Defendants, Plaintiff contends that the award of liquidated damages should be entered against Defendants, jointly and severally.

## C. Attorneys' Fees

18. 29 U.S.C.A. § 2617 (a)(3) provides that the "court in such an action <u>shall</u>, in addition to any judgment awarded <u>to the plaintiff</u>, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." Accordingly,

---

[1] "Even assuming that [Defendant] acted in good faith, the decision to award liquidated damages is still within the discretion of the trial court." *Nero*, 167 F.3d at 929. Further, "'[e]ven if a trial court is satisfied that an employer acted both in good faith and reasonably, it may still award liquidated damages at its discretion. . . .'" *Id*.

Plaintiff brings this request for an award of her reasonable and necessary attorneys' fees pursuant to 29 U.S.C.A. § 2617 (a)(3), as she was awarded damages under her claims for violation of the FMLA.

19. In this regard, at this time, Plaintiff seeks **$123,335.79** for fair and reasonable attorneys' fees and related nontaxable expenses, as established by the Declaration of Ericha Ramsey Brown, attached hereto and fully incorporated herein as **Exhibit B**, and any attachments thereto.

20. In total, Plaintiff's law firm, The Michael Kim Law Firm, PLLC d/b/a MKim Legal ("MKim Legal") spent 1,095 billable hours and charged the reduced rate of $100.00 per hour. *See* **Exhibit B**, ¶¶ 7—8. At the time that Plaintiff retained the services of MKim Legal, the hourly rates for their attorneys were as follows: Michael Kim/$400 per hour, Ericha Brown/$300 per hour, Grace Lee/$200 per hour. *Id*. at ¶ 5. Currently, the hourly billing rates for MKim Legal are as follows: Michael Y. Kim/$450 per hour, Ericha Brown/$400 per hour, Monica L. Narvaez/$300 per hour, Eduardo Garza/$275 per hour. *Id*.

21. The work completed on this case on behalf of Plaintiff was completed by the following attorneys and/or legal assistants employed with MKim Legal:

| Attorney/ Legal Assistant | Initials on Billing Records | Hourly Rates | Total Hours Worked | Total Fees |
|---|---|---|---|---|
| Ericha R. Brown | ERB | $100/hr | 276.70 | $27,670.00 |
| Michael Y. Kim | MYK | $100/hr | 238.90 | $23,890.00 |
| Monica Narvaez | MLN | $100/hr | 356.10 | $35,790.00 |
| Eduardo Garza | EG and/or ERG | $100/hr | 203.70 | $20,370.00 |
| Grace Lee | GSL | $100/hr | 5.0 | $500.00 |

| Jordan Ramsey | JWR | $50.00/hr | 14.40 | $720.00 |
| Laura Perez | LYP | $50.00/hr | 0.20 | $10.00 |
| **TOTAL:** | | | | **$108,950.00** |

*See* MKim Legal's Itemized Billing Statements, a true and correct copy are attached hereto and fully incorporated as **Exhibit B-1**; *see also* **Exhibit B**, ¶ 8.

22. As noted above, Plaintiff obtained a reduced billing rate from MKim Legal at a rate substantially less than MKim Legal's prior and current hourly billable rate. *See* **Exhibit B**, ¶¶ 7—8. In this regard, if the above-outlined billable time was computed at current rates, the value of services received by Plaintiff from MKim Legal would total $382,262.50.

23. Accordingly, based upon the fee agreement between Plaintiff and MKim Legal, in exchange for a reduced hourly rate, Plaintiff agreed to further compensate MKim Legal based upon a contingency fee equal to thirty percent (30%) of the total gross recovery of money, benefits, value, or property awarded to or collected or received by Plaintiff as a result of her claims in this litigation. *See* **Exhibit B**, ¶¶ 7—8.[2]

24. Additionally, Plaintiff incurred reasonable nontaxable expenses and/or costs totaling $14,385.79, which are itemized *infra*. *See* **Exhibit B**, ¶ 8; *see also* Copies of Plaintiff's Expense Receipts, a true and correct copy of which are attached hereto and fully incorporated as **Exhibit B-2**; **Exhibit B-1**.

25. At this time, total attorneys' fees billed at a reduced rate, plus costs/expenses total $123,335.79. *See* **Exhibit B**, ¶¶ 7—8, 10. Of this amount, Plaintiff has currently paid MKim

---

[2] Accordingly, based upon the jury's verdict, MKim Legal's contingent fee of the jury award would amount to $41,130.00. In the event the Court awards liquidated damages as requested herein in the amount of an additional $137,100 (total of $274,200), then MKim Legal's contingent fee would total $82,260.00, plus any outstanding attorneys' fees awarded from the itemization above.

Legal $25,614.84, with outstanding attorneys' fees (at the reduced rate) and costs/expenses totaling $95,325.41, to date. *See* **Exhibit B-1**.

26. The determination of reasonable attorneys' fees is left to the sound discretion of the trial court. *See Weeks v. Southern Belle Telephone and Telegraph Co.*, 467 F.2d 95, 97 (5th Cir. 1972). No expert opinion is required on the issue. *See Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1300 (5th Cir. 1977). "In the Fifth Circuit, determining reasonable attorney's fees generally begins with a calculation of 'the lodestar.'" *Pineda v. JTCH Apartments LLC*, 126 F.Supp.3d 797, 802 (5th Cir. 2015) (quoting *Jimenez v. Wood Cnty.* 621 F.3d 372, 380 (5th Cir. 2010)). The district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. *Id*. The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate, which is the market rate. *See id*.

27. The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the factors set out attorneys' qualifications and skill. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Moreover, the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717—19 (5th Cir. 1974), may be considered.[3]

28. After calculating the lodestar, "'a district court may enhance or decrease the amount of attorney's fees based on "the relative weights of the twelve factors set forth in *Johnson*."'" *Pineda*, 126 F.Supp.3d at 802 (citations omitted). "Lodestar enhancements, however, are

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Pineda*, 126 F.Supp.3d at 802.

permitted only in 'rare and exceptional circumstances.' Moreover, '[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar.'" *Id*. at 802—03.

29. The most important factor to consider is the degree of success obtained. *Id*. at 805. Further, "the Fifth Circuit has made clear, 'the amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded.'" *Id*. at 806 (quoting *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395 (5th Cir. 2003). In this case, Plaintiff recovered $137,100.00 in compensatory damages, and has petitioned the Court for a like amount in liquidated damages, as well, based upon Plaintiff's contention that Defendants failed to meet their strict burden demonstrating a good faith defense. As outlined above, Plaintiff's total attorneys' fees, without consideration of costs and expenses, totaled $108,950.00.

30. The attorneys that performed work on this case are listed by their initials in the fee chart *supra*, and in **Exhibit B-1**, attached hereto. The hourly rates charged by Plaintiff's attorneys in this case have been found to be below the median rate found to be reasonable in this district. *Pineda*, 126 F.Supp.3d at 803—806. In fact, as demonstrated by the reduced hourly rate, the rate charged by Plaintiff's attorney's is significantly less than the average for this district. *Id*. Therefore, the total fee that MKim Legal requests in attorneys' fees is $108,950.00, and is an amount buttressed by analysis of the *Johnson* factors as follows:

    a. **Time and Labor Required**: Litigating this case required significant time and labor. Defendants motion practice increased the time spent by Plaintiff's counsel during the earlier stages of the case, and shortly before trial. Further, the case was hotly contested before trial, and was mediated.

b. **The novelty and difficulty of the questions**: The issue surrounding retaliation and interference with FMLA is relatively complex, which was demonstrated by the length and substance of the Jury Instructions and Questions.

c. **The skill required to perform the legal services properly**: The litigation of this case required a high level of skill to prosecute this case properly. Defendants' motion practice and the difficulties associated with trying a case against multiple Defendants contributed to the level of skill necessary to try this case.

d. **The preclusion of other employment by the attorney due to acceptance of the case**: While taking this case did not prohibit Plaintiff's counsel from taking on other cases, it did prohibit Plaintiff's counsel from working on other pending matters, as this case required great concentration of time and effort to succeed at trial.

e. **Customary fee in the community**: As set out above, the fees charged by the attorneys in this case are customary for work of this type in the Northern District of Texas.

f. **The fee is fixed and/or contingent**: The fee arrangement in this case was blended, with Plaintiff paying a lower hourly rate, and the remainder of attorneys' fees to be contingent upon the outcome of trial. Such demonstrates the risk associated with the taking of said case by Plaintiff's counsel.

g. **Time limitations imposed by the client or circumstances**: While there were no time limitations imposed by the clients in this matter, the Court imposed time limitations for litigating this case, as well as strict timelines for the trying of this matter to a jury. Therefore, Plaintiff's counsel was required to perform said work within the deadlines imposed by the Court.

h. **The amount involved and the results obtained**. Plaintiff recovered $137,100.00. Plaintiff has also sought to recover liquidated damages in the amount of $137,100.00. This is a significant amount. Although a court may consider the amount of damages recovered in awarding attorneys' fees, it should also be mindful that to reduce a fee on this basis may prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public. Additionally, Defendants declined to settle on more favorable terms earlier in the litigation, such that Plaintiff was required to incur significant fees and expenses in preparation for trial.

i. **The experience, reputation, and ability of the attorneys**: Ericha Ramsey Brown was the lead attorney on this case at the time of trial, and is a partner at MKim Legal. Ms. Brown has been licensed to practice law since 2008 in the State of Texas, and is also licensed in the Northern and Eastern Districts of Texas, the State of Colorado, and the United States District Court of Colorado, as well as the Fifth Circuit Court of Appeals. Ms. Brown has tried many cases with both first and second chair trial experience, and Ms. Brown did a majority of the work on this case leading up to trial,

including motion practice, trial preparation, and trial participation. Michael Y. Kim is the founder and managing partner of MKim Legal. Mr. Kim has been licensed to practice law in the State of Texas since 2006, and is also licensed in the Northern, Eastern, and Western Districts of Texas, the State of Colorado, and the United States District Court of Colorado, as well as the Fifth Circuit Court of Appeals. Mr. Kim has vast trial experience as a first chair, and also has second chair trial experience. Mr. Kim actively participated in the preparation of this matter for trial, including motion practice, depositions, and the trial of this matter. Monica L. Narvaez was previously employed as a partner with MKim Legal, and has been licensed to practice law in the State of Texas since 2013. She has also been licensed to practice law in the State of Ohio since 2003. Ms. Narvaez is also licensed to practice in the Ohio Southern District Court, the Eastern District of Texas, the Northern District of Texas, and the District Court of Colorado. Ms. Narvaez previously was lead on this matter until her departure from MKim Legal as a partner in or around June 2021, including motion practice, hearings, and depositions. Ms. Narvaez has extensive employment experience and has been practicing in labor and employment for the entirety of her legal career. Mr. Eduardo Garza is an associate attorney with MKim Legal, who has been licensed to practice law in the State of Texas since 2020. He is also licensed in the Northern District of Texas. Mr. Garza performed associate attorney duties on this case, including discovery,

motion drafting, and assistance at trial. The rates charged by these professionals are fair and reasonable as set out *supra*.[4]

    j. **The "undesirability" of the case**. While Plaintiff does not contend that this matter was "undesirable" in its entirety, the fact that Plaintiff's claims were required to be brought against multiple defendants, together with the issues of "joint employer" made it less desirable than other employment matters, as such complicated this case, and contributed to additional time and expenses needed to be dedicated to this matter.

    k. **The nature and length of the professional relationship with the client**: This was the only case that Plaintiff and counsel had together.

    l. **Awards in similar cases**: As outlined *supra*, this district has authorized fees in excess of the rate of pay sought by Plaintiff in this case. *See Pineda*, 126 F.Supp.3d at 803—806.

31. Plaintiff also seeks an award of anticipated appellate fees, in the event Defendants should pursue an appeal of the Final Judgment. *See* **Exhibit B**, ¶ 13.

32. Additionally, as the claims asserted by Plaintiff were brought equally against Defendants, Plaintiff contends that the award of attorneys' fees should be entered against Defendants, jointly and severally.

**D.    Costs**

33. Further, costs are claimed herein pursuant to Federal Rule of Civil Procedure 54(d) and 29 U.S.C.A. § 2617 (a)(3). The costs incurred are listed below and total $14,385.79. They

---

[4] *See* www.mkimlegal.com for current curriculum vitae of MKim Legal's attorneys and staff.

are detailed in the billing statements attached hereto as **Exhibit B-1**, as well as the receipts attached hereto as **Exhibit B-2**.

| Expense | Explanation of Expense |
|---|---|
| Filing fee for Original Complaint | $400.00 |
| Written Deposition Service | $83.00 |
| Deposition of Michelle Felix | $1,733.25 |
| Deposition of Tina Boehnlein | $1,527.78 |
| Deposition of Kelly Medley | $1,793.20 |
| Deposition of Madeline Littrell (Transcript) | $2,276.85 |
| Deposition of Madeline Littrell (Video) | $2,125.00 |
| Deposition of Michael Lunceford | $658.28 |
| Delivery fee for pretrial materials to Court | $25.07 |
| Delivery fee and witness fee for service of Trial Subpoena on Kelly Medley | $261.75 |
| Postage/Mailing Costs | $26.11 |
| Consulting Expert Fee | $900.00 |
| Mediation Fee | $2,110.00 |
| Pretrial Conference Transcript Fee | $362.50 |
| Trial Courthouse Parking Fees | $103.00 |
| **TOTAL:** | **$14,385.79** |

34. The costs and expenses claimed include the filing fee and fees for service of process on the Defendants, delivery fees for the delivery of documents, pleadings, and exhibits to the Court before trial, subpoena and witness fees to secure the appearance of the witnesses at trial, costs

incurred for depositions, mediation fees, postage/mail fees, fees for the pretrial conference transcript, and parking fees during attendance at trial. *Id*. As itemized above, Plaintiff did not include as a sought cost the costs incurred for providing lunch during trial, despite their notation within Plaintiff's Billing Statements.

35. 29 U.S.C.A. § 2617 (a)(3), expressly authorizes an award for costs to a prevailing plaintiff for successful claims for violation of the FMLA.[5] Accordingly, the costs sought by Plaintiff are compensable, and Plaintiff should be awarded such costs.

36. Additionally, as the claims asserted by Plaintiff were brought equally against Defendants, Plaintiff contends that the award of costs should be entered against Defendants, jointly and severally.

37. The undersigned has reviewed all of the attorney fee data and cost receipts claimed herein in good faith and this motion is well grounded in fact.

**E.     Interest**

38. 29 U.S.C.A. § 2617 (a)(1)(A)(ii) permits for the recovery of interest at the "prevailing rate." Pursuant to the Northern District of Texas' website setting post judgment interest rates, Plaintiff seeks an award of pre-judgment and post-judgment interest at the prevailing rate of 4.72%. *See* https://www.txnd.uscourts.gov/post-judgment-rates; *see also* https://www.federalreserve.gov/releases/H15/ ; 28 U.S.C.1961.

39. Accordingly, Plaintiff seeks pre-judgment interest, on the total sum of $137,100[6], at the annual rate of 4.72%, beginning on March 20, 2020, through the date that judgment is entered in this matter.

---

[5] Additionally, Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "[u]nless a federal statute, these rules or a court order provides otherwise, costs-other than attorney's fees should be allowed to the prevailing party."
[6] $274,200.00 if this Court awards liquidated damages as requested herein.

40. Additionally, Plaintiff seeks post-judgment interest at the annual rate of 4.72% on the total amount of the judgment, from the date immediately following the entry of judgment, until such time that the judgment is satisfied, in full.

41. Additionally, as the claims asserted by Plaintiff were brought equally against Defendants, Plaintiff contends that the award of interest should be entered against Defendants, jointly and severally.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon consideration or hearing, the Court enter judgment against Defendants, jointly and severally, in the principal sum of $137,100.00, liquidated damages in the sum of $137,100.00, pre-judgment interest on the total damages award at a rate of 4.72% annually, post-judgment interest on final judgment, from the entry of judgment until satisfaction of the judgment, at a rate of 4.72% annually, together with Plaintiff's costs, attorneys' fees, and expenses in the sum that the Court awards pursuant to the request made herein. Plaintiff also prays that the Court grant her such other and further relief, both general and specific, in law and in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

/s/ *Ericha R. Brown*
Michael Y. Kim
State Bar No. 24039960
mkim@mkimlegal.com
Ericha Ramsey Brown
State Bar No. 24051952
erbrown@mkimlegal.com
Eduardo R. Garza
State Bar No. 24120843
egarza@mkimlegal.com

**THE MICHAEL KIM LAW FIRM, PLLC**
4236 W. Lovers Lane
Dallas, Texas 75209
(214) 357-7533
(214) 357-7531 Facsimile

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded via electronic service and/or electronic mail to the following counsel of record on this, the 10th day of May 2023:

Simon D. Whiting
Cobb Martinez Woodward
1700 Pacific Ave.
Suite 3100
Dallas, Texas 75201
swhiting@cobbmartinez.com

Jill Herz
Jill Herz, Attorney at Law, P.C.
12240 Inwood Rd., Suite 400
Dallas, Texas 75244
service@jillherz.com

/s/ *Ericha R. Brown*
Ericha Ramsey Brown