UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE FELIX, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-0683-X |
| | § | |
| MARY KAY, INC. and THE MARY KAY FOUNDATION, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ENTERING JUDGMENT

Before the Court is Plaintiff Michelle Felix's motion for judgment and attorney's fees. [Doc. 105]. After a full trial on the merits, the jury found for Felix on her claim for retaliation under the Family and Medical Leave Act ("FMLA") but against her on her claims for interference under the FMLA and unpaid overtime under the Fair Labor Standards Act ("FLSA"). Felix now moves for entry of judgment on the verdict, requesting $137,100 as compensation for Felix's damages plus pre- and post-judgment interest on that amount. She further requests $137,100 in liquidated damages. Finally, Felix requests $11,221.61 in costs and $108,950 in attorney's fees.

Beginning with compensatory damages, the jury found that Felix is entitled to $137,100 for "[w]ages, salary, employment benefits, or other compensation denied or lost" due to damages caused by Mary Kay, Inc. and The Mary Kay Foundation ("Defendants").[1] Defendants do not contest this amount, nor do they contest Felix's

---

[1] Doc. 100 at 4.

request for pre- and post-judgment interest or suggest what the proper rates should be.

As to pre-judgment interest, the formula is "[d]amages (D) multiplied by the interest rate (R) multiplied by the time (in years) since termination (T): (D x R x T)."[2] Damages are $137,100. For the rate, the FMLA says Felix is entitled to interest "calculated at the prevailing rate," which courts have interpreted as referring to the current prime federal interest rate.[3] As of the date of this judgment, that rate is 5.39%.[4] And for time, the date of Felix's termination, September 3, 2019, was 1,455 days before this judgment, so almost exactly four years have passed between that date and today.[5] Based on these figures, the Court awards $29,457.53 in pre-judgment interest.[6]

As to post-judgment interest, the rate is 5.36%, calculated from the date of this judgment.[7]

Accordingly, the Court **GRANTS** Felix's motion as to her request for compensatory damages plus interest and **ENTERS JUDGMENT** for Felix in the

---

[2] *Carter v. Trans. Workers Union of Am., Local 556*, No. 3:17-cv-2278-X, 2022 WL 19072561, at *8 (N.D. Tex. Dec. 5, 2022) (Starr, J.).

[3] 29 U.S.C. § 2617(a)(1)(A)(ii); *see, e.g.*, *Stanton v. Jarvis Christian Coll.*, No. 6:18-cv-479-JDK-JDL, 2020 WL 5269439, at *1 (E.D. Tex. Aug. 27, 2020); *Carroll v. Sanderson Farms, Inc.*, No. H-10-3108, 2014 WL 549380, at *4 n.1 (S.D. Tex. Feb. 11, 2014).

[4] *Selected Interest Rates (Daily)*, BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, https://www.federalreserve.gov/releases/h15/ (last visited Aug. 28, 2023).

[5] *Thomas v. Tex. Dep't of Criminal Justice*, 297 F.3d 361, 372 (5th Cir. 2002) (defining the relevant time period for measuring pre-judgment interest awards).

[6] Here's the exact equation: (137,100 x 0.0539 x 3.98630136986) = 29,457.5313.

[7] *Post Judgment Interest Rates*, NORTHERN DISTRICT OF TEXAS, https://www.txnd.uscourts.gov/post-judgment-rates (last visited Aug. 28, 2023).

amount of $137,100 plus $29,457.53 in pre-judgment interest, with post-judgment interest accruing at 5.36% from the date of this judgment.

Turning next to Felix's request for liquidated damages, the Court notes that the FMLA allows for "an additional amount as liquidated damages equal to the" compensatory damages awarded, "except that if an employer who has violated [the FMLA] proves to the satisfaction of the court that the act or omission which violated [the FMLA] was in good faith and the employer had reasonable grounds for believing that the act or omission was not a violation," the Court may decline to award liquidated damages.[8] The jury found that the Defendants "acted in good faith and had reasonable grounds for believing that [their] actions complied with the FMLA."[9] The Court, having reviewed the trial transcript, agrees with the jury and finds that the evidence supports the jury's finding of good faith. Accordingly, the Court **DENIES** Felix's request for additional, liquidated damages.

As to Felix's request for attorney's fees and costs, Defendants object that (1) Felix failed to segregate hours related to her successful FMLA claim from hours related to her other, unsuccessful claims; (2) Felix's attorneys demonstrated poor billing judgment because they documented inadequately and billed excessively and redundantly; and (3) Felix was unreasonable for having three attorneys attend trial.

Fees are calculated based, in part, on the results obtained, and "[t]his factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he

---

[8] 29 U.S.C. § 2617(a)(1)(A)(iii).

[9] Doc. 100 at 5.

3

succeeded on only some of his claims for relief."[10]  Here, Felix prevailed on only one claim and failed on all others.  Her requested fees, however, fail to segregate out entries related to her unsuccessful claims.  While Felix says that evidence of her job duties and responsibilities was necessary both to support her FLSA claim and to defend her FMLA claim, that alone doesn't justify a fee award for *all* the work performed on Felix's claims under both statutes.  Felix's FLSA claim required far more than a mere description of her job duties, and the Court cannot award fees for a substantial amount of attorney work on this claim due to this one overlapping subject.

Based on Felix's failure to properly segregate fees, the Court **DENIES WITHOUT PREJUDICE** Felix's request for attorney's fees.  Within 14 days of this order, Felix may file a renewed motion for attorney's fees that addresses the Court's concerns.

**IT IS SO ORDERED** this 29th day of August, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).